INTERNATIONAL RAILWAYS OF CENTRAL AMERICA, A CORPORATION OF NEW JERSEY, PROSECUTOR, v. JOHN McCUTCHEON, COMPTROLLER OF THE STATE OF NEW JERSEY, AND THE STATE BOARD OF TAXES AND ASSESSMENT, RESPONDENTS.

Argued January 21, 1930—Decided June 26, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Mark A. Sullivan.*

For the respondents, *William A. Stevens,* attorney-general, and *John Solan.*

The opinion of the court was delivered by

TRENCHARD, J. Acting pursuant to the provisions of an act entitled "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof," approved April 18th, 1884 (4 *Comp. Stat., p.* 5286, &c.; 2 *Cum. Supp. Comp. Stat.* 1924, *p.* 3565, *pl.* 519), the state board of taxes and assessment, on August 5th, 1929, assessed a franchise tax for the year 1929 in the sum of $5,862.50 against the prosecutor, and the validity of such action is now challenged.

As originally enacted, this statute, after providing for the imposition of franchise taxes upon certain corporations such as telegraph, telephone, cable companies, express companies not owned by a railroad company and otherwise taxed, gas and electric light companies, oil and pipe line companies, sleeping car companies and insurance companies, by designation according to the nature of their business, and "all other corporations incorporated under the laws of this state and not hereinbefore provided for," contained a proviso, which, although amended and supplemented from time to time, has not been substantially changed (so far as this issue is concerned) and which, in part, reads as follows:

"Provided, that this act shall not apply to railway, canal or banking corporations, or to savings banks, cemeteries or religious corporations, or to purely charitable or educational

associations, or manufacturing or mining corporations at least fifty per centum of whose capital stock issued and outstanding is invested in mining or manufacturing carried on within this state * * *."

The stipulation in this case shows that the prosecutor was incorporated on June 8th, 1904, under our "Act concerning corporations" (*Comp. Stat., p.* 1595); that its principal business at present is the operation of a steam railroad in Central America; that at this time it has an interest by way of investment in a number of mining properties; that the charter granted to it by the state empowers it to engage in numerous other lines of corporate activity, in addition to the power to construct and operate railroads outside of but not within the State of New Jersey.

Relying on the fact that its principal business at present is the operation of this railroad in Central America, the prosecutor claims immunity from this tax, due to the reference to railways in the proviso of the above-quoted statute. Our opinion is that the reference to "railway" in such proviso has no application to the prosecutor, but that by the use of such term the legislature intended to refer to railroads subject to franchise tax under a companion act—the Railroad and Canal act of April 10th, 1884—and to indicate thereby that railroads taxable under the last named act were to be immune from taxation under the act here in question. Such, we believe, has been the practical construction given the statute by the state board of taxes and assessment for almost fifty years.

We find support for this view by a consideration of the ground upon which the tax is imposed, and the history of this and kindred legislation.

The ground upon which the tax here in question is imposed has been judicially declared. *In re United States Car Co.,* 60 *N. J. Eq.* 514, such tax was characterized as a charge imposed upon a corporation "solely as *a condition of its continued existence.*" In *Standard Underground Cable Co.* v. *Attorney-General,* 46 *Id.* 270, it was said that "the law in question imposes a tax on certain corporations by way of

*a license for exercising corporate franchises.* It is declared to be such tax by the act \* \* \*."

Historically we see that the legislature, on April 10th, 1884, passed the act entitled "An act for the taxation of railroad and canal property." *Pamph. L.* 1884, *p.* 142; 4 *Comp. Stat., p.* 5260. The scheme of this act was to impose a tax upon the property and franchises of all railroads and canals operating in this state, which tax was intended in part to take the place of all charter and other obligations pursuant to which such railroads and canals were called upon to pay *for the privilege of existing and carrying on business in corporate form. State Board, &c.,* v. *Central Railway Co.,* 48 *N. J. L.* 146. On April 18th, 1884, a few days subsequent to the enactment of the Railroad and Canal act, *supra,* the legislature passed the statute here in question. With the exception of the classes of corporations named in the proviso in question here, this act, as we have seen, imposes a tax upon all corporations of this state.

Under the rule of construction which provides that all acts in *pari materia* are to be taken together as if they were one law (*West Shore Railroad* v. *State Board,* 92 *N. J. L.* 332 (at *p.* 335), we believe that this Railroad and Canal act, with its provisions for the taxation of the franchises of our railroad and canal companies, and its provision that the taxes imposed thereunder shall be in lieu of all other taxes on railroads and canals, must be taken into consideration in ascertaining the intent with which the legislature used the word "railway" in the proviso of the Miscellaneous Franchise Tax act here in question. Such consideration, we think, leads to the conclusion that the purpose of the use of such word in such proviso was to indicate that those railroads taxable on their franchises under said Railroad and Canal act, were to be immune from the tax imposed under the act here in question.

An examination of the proviso in question will show that, with the exception of railways and canals, and manufacturing, mining, agricultural and horticultural companies, the classes of corporations thereby excluded from the act consist of

those which, upon well-established grounds of public policy, have always been exempted from taxes in this state. See *Phonograph Co.* v. *Board of Assessors,* 54 *N. J. L.* 430, for an explanation of the ground upon which manufacturing, mining, agricultural and horticultural companies are, under certain conditions, exempted from this tax. We cannot conceive of any ground of policy that would impel the legislature to exempt railroad corporations from this particular form of taxation. It is certainly no proper function of this state to promote the establishment of railroads outside of its territorial limits.

The prosecutor claims that the court has no alternative but to give this word "railway" as used in this proviso, its broadest literal meaning. Not so. Here the particular inquiry is not what is the abstract force of the word, or what it *may* comprehend, but in what sense it was intended to be used as found in the statute. The sense in which the word was intended to be used furnishes the rule for its interpretation, and this sense is to be collected from a consideration of the law or other acts in *pari materia,* and a narrow or an enlarged meaning given to the word as the intention is thus indicated. The prosecutor argues that there is no room for a difference of opinion with respect to the sense in which the word "railway" was used. We think there is. When one reads the Railroad and Canal act (taxing railroads and canals operating in this state) and the Miscellaneous Franchise Tax act (taxing *all* other domestic corporations), as a single legislative declaration, there naturally arises a query whether the reference to railways in the Miscellaneous Franchise Tax act is not intended to refer to the railways dealt with in the companion act. In view of this, it becomes the duty of the court to construe the proviso and determine whether the word "railway" therein is to be applied in an enlarged sense, as claimed by the prosecutor, or in the limited sense in which the tax board has used it.

As an indication of how legislation of this kind was phrased and construed during the period in which this Miscellaneous Franchise Tax act was enacted, see *State, Trenton Iron Co.*

v. *Yard,* 42 *N. J. L.* 357, argued in this court in 1880. In that case a supplement, passed in 1878, to our General Corporation act of 1875, was considered. It provided as follows: "That all the real and personal estate of every corporation incorporated by any act of the legislature, or by the filing of a certificate, or otherwise, under any general law of the state, shall be taxed the same as the real and personal estate of an individual; *provided, however, that the provisions of this section shall not apply to railway, turnpike, insurance, canal or banking corporations or to savings banks, or to cemeteries, church property or purely charitable or educational associations."* The Trenton Iron Company was taxed under that act and, on *certiorari* to review the tax, it contended that inasmuch as by the proviso railroads, &c., were declared to be not subject to the provisions of the act, the same was special, within the meaning of article 4, section 7, paragraph 12 of our constitution (the uniform rule clause). But that contention was not sustained, it being pointed out in the opinion of the court that the railroads, which the proviso excepted from the terms of the act, were *those that were taxed by other special methods.*

It will be observed that the classes of corporations included in the proviso next above quoted are substantially the same as are those included in the proviso now before the court, and it is a reasonable assumption that the method of expressing the legislative will used in the Corporation act of 1878, and judicially sanctioned in the above-cited case, was adopted by the legislature of 1884 as a method of designating in the Miscellaneous Franchise Tax act now in question, not only the corporations customarily exempted from the tax, but also those corporations, such as railways and canals, that were not to be included in the act, by reason of the fact that they were fully taxed for the privilege of corporate existence under the Railroad and Canal act of the same session.

The assessment of tax under review will be affirmed, with costs.